IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SPRINT CORPORATION, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:21-CV-2308-N |
| § | |
| SHICHININ, LLC, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Petitioner Sprint Corporation's ("Sprint") petition to confirm an arbitration award [1], Respondent Shichinin, LLC's ("Shichinin") cross-petition to vacate the award [13], and Shichinin's motion to dismiss, stay, or transfer [28]. For the reasons set forth below, the Court denies Shichinin's motion to dismiss and cross-petition to vacate, and grants Sprint's petition to confirm the arbitration award.

## I. THE ORIGINS OF THE DISPUTE AND UNDERLYING ARBITRATION

This case arises out of a longstanding dispute between Sprint and Shichinin over a failed joint venture. In July 2006, Shichinin and Clearwire U.S., LLC ("Clearwire U.S.") entered into an Amended and Restated Limited Liability Company Agreement ("LLC Agreement"). Pet. to Confirm Arbitration Award ¶ 8. The agreement made Shichinin a minority investor in Clearwire Hawaii Partners, LLC ("Clearwire Hawaii"), a telecommunications company seeking to offer mobile broadband data services in Hawaii. *Id*. at ¶ 9. Clearwire U.S. was the only other member of the joint venture. *Id*. Sprint

ORDER – PAGE 1

subsequently acquired Clearwire U.S. and became the majority stakeholder and manager of Clearwire Hawaii. *Id* at ¶¶ 8-9. After failing to turn a profit, Sprint ended the joint venture. *Id* at ¶ 10.

In December 2014, one of Shichinin's members filed suit against Shichinin and Sprint in Hawaii state court. Resp't's Cross-pet. to Vacate Arbitration Award 3. Shichinin filed a cross-claim against Sprint relating to the management and wind-down of the joint venture. Pet. to Confirm ¶ 11. In May 2017, the state court compelled arbitration between Shichinin and Sprint in accordance with the LLC Agreement. *Id*. The parties subsequently agreed to an arbitration in Dallas, Texas, administered by JAMS. Cross-pet. to Vacate 3. A three-arbitrator panel issued a final award denying Shichinin's claims and awarding attorneys' fees and costs to Sprint. *Id*.

On September 28, 2021, Sprint petitioned this Court to confirm the arbitration award. Shichinin subsequently moved to vacate the award pursuant to 9 U.S.C. § 10(a)(2), (4). While this case was proceeding, Shichinin also attempted to vacate the award in Hawaii federal court[1] and Hawaii state court.[2] Finally, Shichinin filed a motion in this Court to dismiss, or in the alternative, to stay or transfer the case.

---

[1] *See Shichinin, LLC v. Sprint Corp.*, 2022 WL 392985, at *6 (D. Haw. 2022) (dismissing the case in favor of this first-filed federal action).
[2] *See CJPJ Holdings, LLC v. U.S. Pac. Cap. Co.*, No. 1CC141002485 (Haw. 1st Cir. Ct. 2022), Dkt. No. 167 (follow "eCourt Kokua"; then follow "Case Search" for Case ID 1CC141002485) (denying Shichinin's motion to vacate and deferring to this Court).

## II. THE COURT DENIES SHICHININ'S MOTION TO DISMISS, STAY, OR TRANSFER

The Court denies Shichinin's motion to dismiss because litigation in the Northern District of Texas is appropriate under the Federal Arbitration Act ("FAA"), and Shichinin has not shown that Hawaii state court is a more convenient forum for litigation.

### A. The FAA Applies

The parties agree that the FAA would provide venue in this Court because the JAMS panel rendered the final award in Dallas. Pet'r's Resp. to Mot. to Dismiss 10 [37]; Resp't's Reply Br. Supp. Mot. to Dismiss 6 [40]; *see* 9 U.S.C. § 9. Shichinin, however, contends that the Hawaii Arbitration Act applies and requires post-arbitration litigation to take place in Hawaii state court. Reply Br. 6. The Court disagrees.

Shichinin argues that Sprint conceded the application of the Hawaii Arbitration Act when it moved for arbitration pursuant to the statute during the underlying litigation. Reply Br. 6. But Shichinin does not identify any authority suggesting a party's pre-arbitration arguments negate the FAA's applicability to post-arbitration proceedings. Indeed, the FAA governs all arbitration agreements involving interstate commerce "absent clear and unambiguous contractual language to the contrary." *BNSF Ry. Co. v. Alstom Transp., Inc.*, 777 F.3d 785, 790 (5th Cir. 2015) (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 341 (5th Cir. 2004)). Here, the LLC Agreement provided that the "arbitrators shall be governed by the United States Arbitration Act, 9 U.S.C. Sections 1-16," and made no reference to the Hawaii Arbitration Act. Resp't's Mot. to Dismiss 6 [29]. The agreement thus supports the application of the FAA. Because Shichinin has not cited any

authority that contradicts the agreement's governing law, the Court concludes that the FAA applies and venue is proper.[3]

### B.  *The Forum Non Conveniens Analysis Does Not Favor Dismissal*

The Court denies the motion to dismiss because Shichinin has not shown that litigation would be more convenient in Hawaii state court.[4] Federal courts have "discretion to dismiss . . . actions, in certain narrow circumstances, under the common law doctrine of forum non conveniens." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996). "Such a dismissal reflects a court's assessment of a 'range of considerations, most notably the convenience of the parties and the practical difficulties that can attend adjudication of a dispute in a certain locality.'" *Sinochem Int'l Co. Ltd v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) (quoting *Quackenbush*, 517 U.S. at 723). At the first stage of the forum non conveniens analysis, a court must establish the availability and adequacy of an alternative forum. *Dtex, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). Next, the court determines which forum is preferrable by weighing a number of "private" and "public interest" factors. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09. "The court must bear in mind that 'the ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice.'" *Dtex*, 508 F.3d at 794 (*quoting In re Air Crash Disaster Near*

---

[3] Notably, the Hawaii state court found that even if the Hawaii Arbitration Act applied, it would not require the parties to make post-arbitration motions in Hawaii. *CJPJ Holdings*, No. 1CC141002485, Dkt. No. 167.

[4] Because the Hawaii federal district court and Hawaii state court have already dismissed their cases, Shichinin's alternative motions to stay or transfer are moot.

*New Orleans*, 821 F.2d 1147, 1162 (5th Cir. 1987)). Considering these factors, Shichinin has not shown that Hawaii is the most convenient forum for litigation.

***1. Hawaii is an Adequate and Available Alternative Forum.*** – Sprint does not challenge the adequacy of Hawaii state court, but merely questions its availability given the state court's deferral to this Court. Pet'r's Resp. to Mot. to Dismiss 16. However, the Hawaii state court held that it would consider Shichinin's motion if this Court declined jurisdiction. *CJPJ Holdings*, No. 1CC141002485, Dkt. No. 167 ("If the Texas court declines to decide and the issues return here, the court will consider such motions anew if timely filed."). The Court thus finds that Hawaii is an adequate and available forum.

***2. The Private Interest Factors Do Not Favor Dismissal.*** – Having determined that Hawaii state court constitutes an available and adequate alternative forum, the Court must now weigh the relevant private interest factors, which include: (1) the relative ease of access to sources of proof; (2) the availability of a compulsory process to ensure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Here, Shichinin argues that litigation in Hawaii would be more convenient because it is where the underlying dispute occurred and the 5G spectrum in dispute is physically located. Resp't's Mot. to Dismiss 19. The Court disagrees. Despite the case's history in Hawaii, the parties found it convenient to arbitrate in Texas. Further, the present matter relates primarily to the conduct of the Texas arbitration panel, not the underlying dispute. Shichinin challenges the arbitration award based on the alleged partiality of the Texas-based arbitrators. Cross-pet.

ORDER – PAGE 5

to Vacate 12-16. The majority of the witnesses and evidence are thus located in Texas. Accordingly, Shichinin has not shown that the private interest factors favor litigation in Hawaii.

      3. ***The Public Interest Factors Do Not Favor Dismissal.*** – The Court must next consider the public interest factors, including (1) administrative difficulties from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the governing law; and (4) avoidance of unnecessary conflicts of law. *In re Volkswagon* 545 F.3d at 315. Shichinin claims that the public interest factors favor dismissal because of the underlying dispute's effect on people in Hawaii. Reply Br. 8. But this argument again disregards that the arbitration took place in Texas. Shichinin's allegations of partiality by the arbitrators do not relate to the local interest of Hawaii. Indeed, Texas courts have an interest in adjudicating disputes regarding the conduct of arbitrators who reside in the state. *See West Coast Trends, Inc. v. Ogio Int'l, Inc.*, 2011 WL 5117850, at *5 (E.D. Tex. 2011) ("[L]ocal interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community.") (quoting *In re Hoffmann-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009)). Thus, the Court finds that the public interest factors do not favor dismissal. Because Shichinin has not shown that litigation in Hawaii would be more convenient, the Court denies the motion to dismiss.

### III. THE COURT CONFIRMS THE ARBITRATION AWARD

The Court confirms the arbitration award because Shichinin fails to meet the high standard necessary for vacatur under the FAA. A district court's review of an arbitration award is extraordinarily narrow. *See Citigroup v. Bacon*, 562 F.3d 349, 351 (5th Cir. 2009). Absent a determination that a statutory basis to vacate the arbitral award exists, the FAA stipulates that a court must confirm the award. *See* 9 U.S.C. § 9. In this case, Shichinin asserts only that the arbitrators were evidently partial and that they exceeded their authority. Cross-pet. to Vacate 20. The Court, therefore, considers only whether it should vacate the award pursuant to 9 U.S.C. § 10(a)(2) or (4). Neither claim warrants vacatur.

#### A. *Shichinin Has Not Shown that the JAMS Arbitrators Were Evidently Partial*

The Fifth Circuit has noted that "'evident partiality' conveys a stern standard." *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 476 F.3d 278, 281 (5th Cir. 2007) (en banc). An arbitrator's nondisclosure of information may be relevant to the question of evident partiality, but "nondisclosure alone does not require vacatur of an arbitral award." *Id*. at 282. Rather, "[a]n arbitrator's failure to disclose must involve a significant compromising connection to the parties." *Id*. at 282-83. Shichinin's argument of evident partiality rests on five bases: (1) the JAMS ownership structure; (2) Sprint and opposing counsel's multiple appearances before JAMS; (3) a former member of opposing counsel joining JAMS; (4) opposing attorneys' campaign contributions to Arbitrator Willcutts; and (5) misrepresentation of the arbitrators' subject-matter expertise. Each of these arguments fall short of the vacatur standard.

First, Shichinin claims that the JAMS arbitrators failed to disclose that the organization is for-profit. However, it concedes that the panel did disclose that each JAMS arbitrator has an economic interest in the financial success of the organization. Cross-pet. to Vacate 12. Shichinin has not identified any case or law that requires further disclosure of the ownership structure.[5] Further, Shichinin has failed to show how this nondisclosure made the arbitration panel partial to Sprint. *See OOGC America, L.L.C. v. Chesapeake Exploration, L.L.C.*, 975 F.3d 449, 453 (5th Cir. 2020) ("[T]he party challenging the award 'must produce specific facts from which a reasonable person would *have* to conclude that the arbitrator was partial to' its opponent.") (emphasis included) (quoting *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 545 (5th Cir. 2016)). The Court thus concludes that JAMS's failure to state that it is for-profit does not rise to evident partiality.

Second, Shichinin asserts that Sprint and its counsel during the arbitration, Alston & Bird, were "repeat players" in arbitrations with JAMS. Cross-pet. to Vacate 12. But this allegation falls short of the "significant compromising connection" necessary for vacatur. *Positive Software*, 476 F.3d at 283. Shichinin has not alleged repeat appearances before the arbitration panel, but rather, the organization as a whole. Cross-pet. to Vacate 12. Moreover, companies and law firms often appear repeatedly in front of arbitration institutions and tribunals. Multiple appearances alone do not require the conclusion that

---

[5] The Court rejects Shichinin's argument that *Monster* applies because it is a Ninth Circuit case and the arbitrators here are not co-owners of JAMS. *See Monster Energy Company v. City Beverages, LLC*, 940 F.3d 1130, 1137 (9th Cir. 2019) (finding that the arbitrator failed to disclose that he was a co-owner of JAMS); Resp't's Reply Br. Supp. Cross-pet. to Vacate 8 [33] (acknowledging JAMS's sworn statement that the arbitrators are not owners).

ORDER – PAGE 8

the panel was partial to Sprint. The Court, therefore, finds no evident partiality on this basis.

Third, Shichinin claims that the arbitrators were biased because a former Alston & Bird attorney, Bernard Taylor, Sr., joined JAMS shortly before the arbitration. Cross-pet. to Vacate 13-14. However, a connection between a party and an arbitrator not assigned to the case does not warrant vacatur. *See Cooper*, 832 F.3d at 545 (denying vacatur where JAMS did not disclose a relationship with an arbitrator not involved in the case). Here, Taylor did not preside over the arbitration, nor has Shichinin alleged that the panel knew Taylor or discussed the case with him. Accordingly, the Court denies vacatur on the basis of Taylor's being a member of JAMS.

Fourth, Shichinin argues that there is evidence of partiality because of personal connections between Alston & Bird and the Chair of the arbitration panel, Arbitrator Willcutts. Shichinin claims attorneys from Alston & Bird donated to Arbitrator Willcutts's judicial campaign. Cross-pet. to Vacate 14-15. It further alleges that Alston & Bird sent *ex parte* communication to Arbitrator Willcutts.[6] Even accepting these allegations as true, they do not amount to evident partiality. As an initial matter, "Texas courts have repeatedly rejected the notion that . . . acceptance of campaign contributions from lawyers creates bias necessitating recusal, or even an appearance of impropriety." *Aguilar v. Anderson*, 855 S.W.2d 799, 802 (Tex. App. – El Paso 1993, writ denied); *see also AVPM Corp. v. Childers*, 583 S.W.3d 216, 219 (Tex. App. – Dallas 2018, no pet.) (denying a motion to

---

[6] Sprint denies that it sent *ex parte* communication and asserts that it submitted the letter through JAMS's prescribed procedures. Pet'r's Resp. to Cross-pet. to Vacate 11.

ORDER – PAGE 9

recuse). Further, Arbitrator Willcutts ran for office in 2006, and the attorneys contributed to the campaign before joining Alston & Bird. Pet'r's Resp. to Cross-pet. to Vacate 2 [24]; *see InfoBilling, Inc. v. Transaction Clearing, LLC*, 2013 WL 1501570, at *4 (W.D. Tex. 2013) (denying vacatur where counsel contributed to an arbitrator's judicial campaign ten years prior). Shichinin also admits to receiving the alleged *ex parte* letter. Cross-pet. to Vacate 15. Given the remoteness of the relationship, there is insufficient reason to find evidence of partiality.

Finally, Shichinin argues that the arbitrators lacked subject matter-expertise. It claims that it would not have agreed to the panel if it was aware that the arbitrators were inexperienced in the valuation of 5G spectrum assets. Cross-pet. to Vacate 14. This argument fails to raise an issue of bias with the arbitrators. Therefore, it cannot amount to evident partiality under section 10(a)(2). Accordingly, the Court denies vacatur on this basis.

### B. Shichinin Has Not Shown that the Arbitrators Exceeded Their Authority

Shichinin requests vacatur under section 10(a)(4), arguing that the arbitrators made "errors of fact" and showed "manifest disregard for the law." Cross-pet. to Vacate 16-17. However, the Fifth Circuit has repeatedly held that even grave errors of law or fact are not bases for vacatur under the FAA. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir. 2004) ("[T]he failure of an arbitrator to correctly apply the law is not a basis for setting aside an arbitrator's award."); *Pfeifle v. Chemoil Corp.*, 73 F. App'x. 720, 722 (5th Cir. 2003) ("[A]n arbitrator's erroneous interpretation of law or facts is not a basis for vacatur of an award."). Instead, "[s]ection 10(a)(4) has been interpreted narrowly and allows

ORDER – PAGE 10

vacatur of an award '[o]nly if the arbitrator acts outside the scope of his . . . [contractual] authority . . . .'" *Kemper Corp. Servs., Inc. v. Comput. Sci. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)).

Shichinin acknowledges the Fifth Circuit's narrow standard but asserts allegations of mere factual and legal errors, claiming that they would be sufficient if litigation occurred in the Ninth Circuit. Resp't's Reply Br. Supp. Cross-pet. to Vacate 10. Shichinin has not set forth any argument that the arbitration panel acted outside of the contract. Thus, the Court concludes that Shichinin has not shown that the arbitrators exceeded their authority. Without a valid basis for vacatur under 9 U.S.C. §§ 10(a)(2) or 10(a)(4), the Court must confirm the arbitration award.

## CONCLUSION

Because the FAA provides venue and the forum non conveniens analysis does not favor litigation in Hawaii, the Court denies Shichinin's motion to dismiss, stay, or transfer. Further, because Shichinin has not carried its burden for vacatur under 9 U.S.C. §§ 10(a)(2) or 10(a)(4), the Court denies the cross-petition to vacate and grants Sprint's petition to confirm the arbitration award.[7]

Signed September 20, 2022.

David C. Godbey
Chief United States District Judge

---

[7] Sprint's motion for leave to file supplemental authority [41] is denied as moot.